UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY O. HELMER,

        Plaintiff,                           Case No. 05-71920

v.                                        District Judge Bernard A. Friedman
                                            Magistrate Judge R. Steven Whalen

CORRECTIONAL MEDICAL
SERVICES, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

      Before the Court is Defendants Correctional Medical Services, Inc. and Celeste Frazer, P.A.'s Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Docket #29], concurrence by Defendants Cox, Burgess, and Watkins [Docket #41], Defendant Pramstaller's Rule 12(b)(6) Motion to Dismiss [Docket #34], Defendant Correctional Medical Services, Inc. and Celeste Frazer, P.A.'s Motion to Dismiss for Failure to Prosecute [Docket #36], Motion to Dismiss and for Summary Judgment by Defendants Shevock, Watson, Hamman, Risner, McKessy, Peek, and Zavislak [Docket #46] and Motion for Dismiss for Failure to Prosecute by Defendant Frazer [Docket #52], which have been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

For the reasons set forth below, I recommend that the motions to dismiss for failure to prosecute, Docket #36 and #52, be GRANTED. I further recommend the dismissal of all claims against all Defendants pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Accordingly, I also recommend that at the same time, the substantive dispositive motions in Docket #29, 34, 41, and 46 be DISMISSED AS MOOT.

## I. FACTUAL BACKGROUND

Plaintiff, *pro se*, formerly an inmate at the Jackson County Jail and the Gus Harrison Correctional Facility in Adrian Michigan, alleges violations of the Fourth, Eight, and Fourteenth Amendment violations during his arrest and incarceration. *Complaint* at ¶¶1-47.

On April 10, 2006, Defendants Correctional Medical Services ("CMS") and Frazer filed a motion to dismiss on the grounds that Plaintiff failed to state a claim. *Docket #29* at 2. On May 2, 2006, Defendant Pramstaller also filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). [Docket #34]. On June 1, 2006, Defendants CMS and Frazer filed a second motion to dismiss, based on Plaintiff's failure to prosecute. *Docket #36.* On June 6, 2006, this Court issued an order requiring a response to Docket #29 and #34. *Docket #38.* On September 26, 2006, Plaintiff submitted a letter to the Court, requesting the appointment of an attorney. *Docket #42*. On February 16, 2007 an order was issued staying the case. *Docket #43.* On June 13, 2007, the order staying the case was vacated and Plaintiff's request for appointment of counsel was denied. *Docket #48, #49.* On the same day, the Court also issued orders requiring a response by July 20, 2007 to Docket #29, #34, and #36 as well as a response to Defendants' Motion for Dismissal or Summary Judgment [Docket #46] filed

by Defendants Shevock, Watson, Hamman, Risner, McKessy, Peek, and Zavislak on April 19, 2007. *Docket #50*. A docket entry dated June 26, 2007 indicates that this Court's June 13, 2007 orders, sent to Plaintiff, were returned undelivered. *Docket #51*.

### III. FAILURE TO PROSECUTE

In the case of a *pro se* litigant, "the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D.Mich.2007). Nonetheless, because defendants are entitled "to a fair and timely resolution of the litigation . . . *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Id.*; *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991). Fed. R. Civ. P. 41(b) permits the Court to dismiss a case *sua sponte* under its inherent power: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.* 370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962); *see also Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir.1999).[1]

---

[1] Of course, pursuant to *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999), a court should generally consider four factors in deciding whether to dismiss under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4)

Plaintiff, now released, made his last submission to the Court on September 26, 2006 when requesting the appointment of an attorney. Thus, he apparently received a June, 2006 order requiring a responsive pleading. *Docket #38.* On February 23, 2007, an order staying the case, mailed on February 16, 2007, was returned marked undeliverable, "return to sender not deliverable as addressed unable to forward." *Docket #44.* The Court's June 13, 2007 order requiring a response to Docket #29, 34, and 36 was also returned. Likewise, Defendants CMS and Frazer submitted exhibits with a later motion stating that mailings to Plaintiff at his last known address had been unsuccessful. *See Docket #53.* Plaintiff's failure to inform either the Court or Defendants of his forwarding address mandates dismissal of the action. *See Bunting*, *supra,* at *2 ("Plaintiff's failure to further communicate at all regarding the status of his case . . . reveals a lack of interest on his part."). *See also Wade v. Gusman,* 2007 WL 1729569, *2 (E.D.La.2007) (The plaintiff's failure to supply an "appropriate address or any means of contacting him" is grounds for dismissal under Fed. R. Civ. P. 41(b).

## IV. CONCLUSION

---

whether less drastic sanctions were imposed or considered before dismissal was ordered." Although here, Plaintiff has not received warnings or less drastic sanctions, his failure to inform the Court or Defendants of his present whereabouts shows that he has effectively abandoned his case, and therefore dismissal is required.

For the reasons set forth above, I recommend that the motions to dismiss for failure to prosecute, Docket #36 and 52, be GRANTED. I further recommend the dismissal of all claims against all Defendants pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Accordingly, I also recommend that at the same time the substantive dispositive motions in Docket #29, 34, 41, and 46 be DISMISSED AS MOOT.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

        S/R.  Steven Whalen
        R.  STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

Dated:  August 23, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 23, 2007.

        S/G. Wilson
        Judicial Assistant